El Pueblo de Puerto Rico, demandante y apelado, *v.*
Sixto Torres García, acusado y apelante.

Núm. 8518.—*Sometido:* Febrero 7, 1941. *Resuelto:* Febrero 14, 1941.

*A. Reyes Delgado* y *F. Santos Borges,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El apelante fué acusado de poseer y transportar ilegalmente sobre su persona "un revólver sistema Smith, niquelado, con cachas de pasta negra, número 192573, calibre 38, Harrison & Richardson, sin haber declarado dicha arma por escrito al Jefe de la Policía Insular de Arecibo, P. R., que es el Distrito en que reside el acusado," en violación del artículo 7 de la Ley Núm. 14 de julio 8 de 1936 ((2) pág. 129), enmendada por la Ley Núm. 95 de mayo 12 de 1937 (Leyes de 1936–37, pág. 240).

El único error que se imputa a la corte sentenciadora es el de haber declarado que el acusado Sixto Torres tenía su

residencia legal en el término municipal de Arecibo y que debió haber inscrito el revólver en el Cuartel de la Policía de dicha municipalidad.

██ Las conclusiones a que llegó la corte sentenciadora y de las cuales se queja el apelante, son como sigue:

"La corte entiende, que si bien la ley dice que se debe denunciar a la persona por no registrar el arma en el municipio donde reside, la ley no fija ningún término de residencia ni puede tampoco fijarla el tribunal. Esa residencia debe surgir de las circunstancias y hechos que se prueben en el juicio. Se ha demostrado en el juicio que este acusado es un hombre soltero; que no tiene hogar con familia de él en el pueblo de Naguabo; que vino colocado a Arecibo de carpintero y que residía aquí por un mes cuando le fué ocupada el arma. Entendemos que esa residencia es suficiente para el requisito que determina la ley, y que si él andaba con un revólver en Arecibo, trabajando aquí y teniendo un cuarto alquilado aquí, donde dormía, él estaba obligado a inscribir el arma en Arecibo, a no ser que la tuviera inscrita en Naguabo; pero ha declarado que tampoco la tenía inscrita en Naguabo. A nuestro juicio el delito es claro y el acusado debe ser declarado culpable. No queremos decir que por no haberla registrado en Naguabo nosotros lo podíamos condenar, porque en ese caso sería la corte de Humacao la que tendría jurisdicción. Queremos decir, que habiendo tenido una residencia aquí, aunque fuera de un mes y teniendo el revólver en Arecibo él está obligado a registrarlo aquí a no ser que lo hubiera registrado en Naguabo."

Después de un cuidadoso estudio de la transcripción de la evidencia, consideramos que las conclusiones de la corte inferior están ampliamente justificadas, y que dicha corte no erró al sostener que el acusado era un residente del Municipio de Arecibo y como tal obligado a cumplir con los requisitos de la citada ley sobre registro de armas.

*La sentencia que dictó la Corte de Distrito de Arecibo en enero 9 de 1940, debe ser confirmada.*